## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDY L. LANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-746 (RCL) |
| | ) | |
| UNITED MINE WORKERS OF | ) | |
| AMERICA 1974 PENSION TRUST, | ) | |
| et. al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the defendants' Partial Motion to Dismiss the Plaintiff's Complaint. The defendants move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that portions of the plaintiff's complaint fail to state a claim upon which relief can be granted. The defendants submitted a motion and memorandum in support of their position. The plaintiff submitted a memorandum in opposition, and the defendants subsequently filed a reply. Upon consideration of the parties' filings, the applicable law, the Federal Rules of Civil Procedure and the facts of this case, the Court finds that the defendants' motion to dismiss will be **GRANTED**.

## I. BACKGROUND

The plaintiff filed this action against the defendants on March 26, 2004 in the Superior Court of the District of Columbia. The plaintiff, an employee of the defendants, seeks damages for alleged acts of: sex discrimination; retaliation; breach of contract; breach of implied covenant

1

of good faith and fair dealing; infliction of emotional distress; and fraud, deceit, and

misrepresentation.  All of the plaintiff's claims surround her general accusation that she deserved

a promotion to a higher position, but was denied said promotion because of her sex.  On May 6,

2004, the defendants removed this action to this Court on the basis of diversity jurisdiction.  The

defendants now move to dismiss many of the plaintiff's claims.  Specifically, the defendants

moved to dismiss the following claims: (1) the plaintiff's breach of contract action averring there

was no contract because the plaintiff was employed at-will; (2) the plaintiff's action for the

breach of the implied covenant of good faith and fair dealing because the plaintiff was employed

at-will; (3) the plaintiff's action for infliction of emotional distress because the plaintiff suffered

no direct physical injury and the plaintiff was not present in the zone of physical danger, and

because the plaintiff did not allege the requisite extreme or outrageous conduct; (4) the plaintiff's

action for fraud, deceit, and misrepresentation because the plaintiff failed to allege the cause of

action with the requisite particularity and because the alleged misrepresentations concern future

events; and (5) the plaintiff's claims of sex discrimination and retaliation as against individual

defendants, Holland, Hudson, Hyler, Schaab, Brennan, Slavin and Stover.

## II. ANALYSIS

### A. Dismissal Under Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether a

plaintiff has properly stated a claim for which relief can be granted.  Scheuer v. Rhodes, 416 U.S.

232, 236 (1974), *overruled on other grounds by* Harlow v. Fitzgerald, 457 U.S. 800 (1982).  The

explicit language of Federal Rule of Civil Procedure 8(a)(2) provides that the complaint need

only contain "a short and plain statement of the claim showing that the pleader is entitled to relief

. . . ." <u>See</u> <u>also</u> <u>Conely v. Gibson</u>, 355 U.S. 41, 47 (1957); <u>U.S. ex. rel. Harris v. Bernad</u>, 275 F.

Supp. 2d 1, 5 (D.D.C. 2003).  The complainant need not plead the elements of a *prima facie* case.

<u>Swierkiewicz v. Sormena N.A.</u>, 534 U.S. 506, 511-14 (2002) (holding that a complainant in an

employment discrimination case need not plead the *prima facie* elements); <u>see</u> <u>also</u> <u>Sparrow v.</u>

<u>United Airlines, Inc.</u>, 216 F.3d 111, 1114 (D.C. Cir. 2000).  In deciding a motion to dismiss

under Rule 12(b)(6), the court is bound to consider all well-pleaded facts as true, and to draw all

reasonable inferences in favor of the nonmovant.  <u>Scheuer</u>, 416 U.S. at 236; <u>U.S. ex. rel. Harris</u>,

275 F. Supp. 2d at 5.  Therefore "a complaint should not be dismissed for failure to state a claim

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief."  <u>Conely</u>, 355 U.S. at 45-46.

**B. Employment At-Will____**

The defendants move to dismiss the plaintiff's action for breach of contract because the

plaintiff is an employee at-will according to the defendants' employee handbook.  The plaintiff

claims that various writings, and their provisions and representations, constitute a contract

between the plaintiff and the defendant.  (Pl.'s Compl. at ¶ 65).

In the District of Columbia, an employment relation of unspecified length is presumed to

be employment at-will, and is thus terminable by either party at any time for any reason.  <u>Choate</u>

<u>v. TRW, Inc.</u>, 14 F.3d 74, 76 (D.C. Cir. 1994) (citing <u>Littel v. Evening Star Newspaper</u>, 120 F.2d

36, 37 (D.C. Cir. 1941); <u>Sullivan v. Snap-On Tools</u>, 708 F.Supp. 750, 751 (E.D. Va. 1989), *aff'd*

*mem.*, 896 F.2d 547 (4th Cir. 1990)).  In order to rebut the presumption that employment is at-

will, and that a cause of action for wrongful discharge under a breach of contract theory can thus

lie, a plaintiff must provide evidence of clear contractual intent on the part of both the employer

and the employee.  <u>Choate</u>, 14 F.3d at 76 (citing <u>Minihan v. Am. Pharm. Ass'n</u>, 812 F.2d 726, 727 (D.C. Cir. 1987); <u>Sullivan v. Heritage Found.</u>, 399 A.2d 856, 860 (D.C. 1979)).  The plaintiff attempts to meet this requirement by stating:

> At all times relevant to this action, 1974 Pension Trust and the Funds has [sic] represented the employees in various writings, including but not limited to, personnel policies and procedure manuals, retirement and non-profit sharing plan and employee guidelines, that their employment relationship with defendant would be based on good faith, that employees would be treated fairly and equitably, that employees would be judged on the basis of individual merit and ability, and that employees would receive just compensation for their services rendered to defendant.  These provisions and representations form part of [p]laintiff's employment contract with defendant.

(Pl.'s Compl. at ¶ 65).

The plaintiff argues the promised fair hiring procedures, and her application for a promotion made pursuant to those procedures, created an offer and acceptance that is enforceable as a contract.  (Pl.'s Opp'n to Defs.' Partial Motion to Dismiss Pl.'s Compl. at 4).

District of Columbia contractual terms may be implied from an employee handbook or manual.  <u>Goos v. Nat'l Assoc. of Realtors</u>, 715 F. Supp. 2, 4 (D.D.C. 1989); (citing <u>Washington Welfare Assoc. Inc. v. Wheeler</u>, 496 A.2d 613, 615 (D.C. 1985); <u>McConnell v. Howard Univ.</u>, 818 F.2d 58, 62-63 (D.C. Cir. 1987); <u>Greene v. Howard Univ.</u>, 412 F.2d 1128, 1132 (D.C. Cir. 1969)).  In general, whether a handbook or manual creates contractual rights is a question for a jury.  <u>Goos</u>, 715 F. Supp. at 4 (citing <u>Wheeler</u>, 496 A.2d at 615).  An employer, however, can disclaim any implied contract exists in a handbook or manual.  <u>Goos</u>, 715 F. Supp. at 4 (internal citations omitted); <u>Elliott v. Healthcare Corp.</u>, 629 A.2d 6, 8 n.2 (D.C. 1993); <u>Smith v. ULLICO</u>, 620 A.2d 265, 269 (D.C. 1993).  The legal effect of any such disclaimer is, in the first instance, a question for the Court.  <u>Goos</u>, 715 F. Supp. at 4.

Here, the defendants assert that the handbook proves the plaintiff was an employee at-will, thus, her breach of contract claim should be dismissed.  An employer can disclaim any implied contract through such unambiguous language as "this handbook does not imply an employment contract",  Goos, 715 F. Supp. at 4 (citations omitted), or "it is not an employment contract and does not guarantee any fixed terms and conditions of employment", Elliott, 629 A.2d at 8 n.2, or "[t]his handbook is intended only for your information and guidance; it is not an employment contract . . . ."  Smith, 620 A.2d at 269 n.1.  The language of these handbooks is substantially similar to the language of the defendants' handbook.  The defendants' handbook states: "As you read through the Employee Handbook, please remember that it is designed to help you understand the Funds' personnel policies and practices.  It is not an employment contract of any kind . . . ."  (Defs.' Handbook, Ex. A, Defs.' Partial Mot. to Dismiss Pl.'s Compl.).  As the language of the defendants' handbook expressly disavows that it constitutes an employment contract, it cannot be reasonably interpreted to constitute an implied contract.  To read the handbook, as the plaintiff does, to constitute an implied offer, acceptance and thus enforceable contract would be to reject its clear language that "[i]t is not an employment contract of any kind . . . ."  Id.  The language of the handbook is clear: no employment contract exists between the plaintiff and the defendants.  When an employee handbook, such as the defendants' handbook, clearly states that it is not an employment contract that ends the matter.  Roberts v. Howard Univ., 740 A.2d 16, 19 (D.C. 1999).  The plaintiff's breach of contract action will therefore be dismissed.

## C. Implied Covenant of Good Faith and Fair Dealing

The defendant argues that the plaintiff's claim for breach of an implied covenant of good

faith and fair dealing should be dismissed because no contract exists as she is an employee at-will.  The plaintiff argues that she has an implied enforceable contractual employment right with the defendants.

In the foregoing analysis, the Court determined the plaintiff to be an employee at-will. Consequently, no claim for a breach of an implied covenant of good faith and fair dealing can lie here.  The District of Columbia recognizes that in every *contract* there exists an implied covenant of good faith and fair dealing.  Hais v. Smith, 547 A.2d 986, 987 (D.C. 1988) (emphasis added). Obviously, before an implied covenant of good faith and fair dealing exists there must first be a contract itself.  As there is no contract between the plaintiff and the defendants here, there is nothing a covenant of good faith and fair dealing can be implied from.  It is true that the lack of an explicit provision in a contract is not necessarily dispositive as to the parties' intent.  In re McCagg's Estate, 450 A.2d 414, 417 (D.C. 1982).  It is further true that a party may show that an implied term can be inferred from explicit provisions or from circumstances surrounding the formation of the contract.  Id.  No implied terms, however, can exist here because there is no contract (and thus no explicit provisions) from which one can infer that an implied covenant of good faith and fair dealing exists.  The plaintiff's claim for breach of the implied covenant of good faith and fair dealing will therefore be dismissed.

**D. Intentional Infliction of Emotional Distress**

The defendants move to dismiss the plaintiff's claim for intentional infliction of emotional distress.  The plaintiff did not address this issue in her response to the defendants' motion.  (Pl.'s Opp'n to Defs.' Partial Mot. to Dismiss Pl.'s Compl.).  Local Rule 7.1(b) addresses such a situation:

> . . . [w]ithin 11 days of the date of service [of a motion to dismiss] or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.  If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

D.D.C. R. 7(b).

"It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." Hopkins v. Women's Div., Gen., Bd. of Global Ministries, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997)); see also Twelve John Does v. Dist. of Columbia, 117 F.3d 571, 577 (D.C. Cir. 1997) (concluding that a motion to dismiss was conceded where a defendant failed to respond).  Since the plaintiff here failed to respond to the defendants' motion to dismiss her claim of intentional infliction of emotional distress, the Court treats the defendants' motion to dismiss for intentional infliction of emotional distress as conceded by the plaintiff.[1]  The plaintiff's intentional infliction of emotional distress claim will therefore be dismissed.

## E. Fraud, Deceit and Misrepresentation

The defendants argue that the plaintiff's claim for fraud, deceit, and misrepresentation should be dismissed because the plaintiff failed to plead with particularity facts sufficient to make out such a claim.  The plaintiff contends she alleged the defendants specifically invited her to apply for the job of comptroller and falsely represented and raised the expectation that she would receive fair consideration for the position.  (Pl.'s Opp'n to Defs.' Partial Mot. to Dismiss

---

[1] While the plaintiff does not address her claim of intentional infliction of emotional distress in her reply to the defendant's partial motion to dismiss, in the proposed order she attached to her reply she states: "Plaintiff s [sic] Fifth Cause of Action shall be withdrawn."  (Pl.'s Proposed Order).  The plaintiff's fifth cause of action was for intentional infliction of emotional distress.

Pl.'s Compl. at 8).

A claim of fraud in the District of Columbia "is never presumed and must be particularly pleaded." <u>Bennett v. Kiggins</u>, 377 A.2d 57, 59 (D.C. 1977), *cert. denied*, 434 U.S. 1034 (1978). The elements of common law fraud are: (1) a false representation, (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation. <u>Id.</u> (citations omitted). One pleading fraud must allege facts that will reveal the existence of the all elements of fraud. <u>Id.</u> at 59-60. This includes the time, place, and content of the false misrepresentations, the fact misrepresented, and what was obtained thereby. <u>Wiggins v. Dist. Cablevision, Inc.</u>, 853 F. Supp. 484, 498 (D.D.C. 1994) (citations omitted). Facts that will enable a court to draw an inference of fraud must be alleged, and allegations in the form of conclusions of the pleader as to the existence of fraud are insufficient. <u>Bennett</u>, 377 A.2d at 60.

The plaintiff here has failed to plead fraud with the required particularity. Each of the three paragraphs of the plaintiff's complaint articulating the basis for the fraud allegation are deficient. First, the plaintiff alleges:

> The 1974 Pension Trust, by and through its agents and its employee handbook, made material misrepresentations of fact that Plaintiff would be judged on the basis of merit and ability, and that Plaintiff would be given an opportunity to interview and be evaluated fairly for the position of Comptroller.

(Pl.'s Compl. at ¶ 79).

The plaintiff here refers to general misrepresentations that were made by the defendant Trust itself, by and through its agents and its employee handbook. The plaintiff does not identify any agent or agents that made the material misrepresentations. Further, the plaintiff fails to state the

time and place of any misrepresentations made by an agent or agents of the defendant.  The

requirement that fraud be pleaded with particularity is specifically designed to prevent plaintiffs

from making broad, general allegations that an "employee handbook" or "agents" made material

misrepresentations.  The plaintiff also does not refer to any specific language of the handbook

articulating a specific representation.  Second, the plaintiff's pleading is similarly non-specific

when it alleges the "Defendants" failed to disclose to her that they would not hire a woman for

the position of comptroller of funds.  (Id. at ¶ 80).  "Defendants" could presumably include the

employee handbook; any, some, all or none of the seven individually named defendants; and any,

some or all of the agents of the defendants.  This allegation also fails to reference the time, place

and specific content in which the representation that the defendants would not hire a woman was

made.  This allegation is therefore plead with little, if any, particularity.  Third, the plaintiff

alleges:

> The 1974 Pension Trust and its agents held themselves out as being
> situated so that Plaintiff could reasonably rely on their
> representations of fairness and discrimination.  Defendants made
> their representations and concealed facts with the knowledge of
> falsity of the representations made, with the intent to induce the
> Plaintiff to rely on such representations.  As a consequence,
> Plaintiff reasonably relied on the fraudulent and material
> misrepresentations.

(Id. at ¶ 81).

Similar to the two paragraphs preceding it in the complaint, the misrepresentation allegedly made

within this paragraph could presumably have been from the employee handbook; any, some, all

or none of the seven individually named defendants; and any and/or all agents of the defendants.

Further, the plaintiff does not articulate how the defendants held themselves out so that the

plaintiff could reasonably rely on their representations.  The plaintiff states no specific facts, nor

does she state the time, place or content of this allegation.  In this paragraph, the plaintiff

essentially claims the defendant committed fraud by listing the elements of fraud and then stating

the defendant actions met all of these elements.  That type of pleading, like the pleading in the

preceding two paragraphs of the plaintiff's complaint, does not contain the requisite particularity

required.  The plaintiff's claim for fraud, deceit and misrepresentation will therefore be

dismissed.[2]

## F. Claims Against Individual Defendants

The defendants move to dismiss the plaintiff's action as against seven individual

defendants in their individual capacities as "employers" under the District of Columbia Human

Rights Act ("DCHRA"), D.C. CODE ANN. § 2-1401, et seq.  The defendants argue that these

individual defendants are not "employers" and cannot be held liable in their individual capacities.

When a claim is asserted under the DCHRA, the same analysis applies as in

discrimination cases brought under Title VII of the Civil Rights Act of 1964.  Sparrow v. United

Airlines, 216 F.3d 1111, 1114 (D.C. Cir. 2000); Carpenter v. Fed. Nat'l Mortgage Ass'n, 165

F.3d 69, 72 (D.C. Cir. 1999); Benefits Communication Corp. v. Klieforth, 642 A.2d 1299, 1301-

02 (D.C. 1994).  The District of Columbia Court of Appeals determined individual defendants

could be held liable in their individual capacities under the DCHRA.  Wallace v. Skadden, Arps,

Slate, Meagher & Flom, 1998 WL 12571 (D.C. Jan. 15, 1998).  Shortly thereafter, this Court

---

[2] The plaintiff's opposition to the defendants' motion provides more factual details concerning the plaintiff's fraud allegations.  Statements made in the plaintiff's memorandum, however, does not change the content of the complaint, which is where the plaintiff has to plead fraud with particularity.  See generally Auto World, Inc. v. District of Columbia, 627 A.2d 11, 16 (D.C. 1993) (citing Bennett, 377 A.2d at 59-60).

The plaintiff incorporated paragraphs 1 through 77 in paragraph 78 of its complaint, which is the first paragraph under her cause of action for fraud.  A review of paragraphs 1 through 77 shows that they do not independently or collectively create a cause of action for fraud.

rejected the holding in <u>Wallace</u>.  <u>See</u> <u>Hunter v. Ark Rests. Corp.</u>, 3 F. Supp. 2d 9, 18 (D.D.C.

1998) (failing to follow <u>Wallace</u> because <u>Wallace</u> relied upon a typographical error in DCHRA

that imposed liability on essentially anyone instead of only an "employer " because "employer"

was omitted from the statute's text).  After the <u>Hunter</u> decision, the District of Columbia Court of

Appeals released its official opinion in <u>Wallace</u> (which now relied on correct statutory language)

and still held partners in a law firm could be held liable in their individual capacities.  <u>Wallace v.

Skadden, Arps, Slate, Meagher & Flom, et. al.</u>, 715 A.2d 873 (D.C. 1998) ("<u>Wallace II</u>").  The

Court of Appeals concluded the term "employer" embraced not only the employing entity, but

also "'any person acting in the interest of the such employer, directly or indirectly . . . .'"  <u>Id.</u> at

888 (quoting D.C. CODE ANN. § 2-1401.02).  The Court of Appeals further concluded that the

definition of "employer" under the DCHRA is broader than that in Title VII.  <u>Id.</u> at 889.

Moreover, the Court of Appeals concluded that Title VII has no prohibition against aiding and

abetting, although the DCHRA does have such a provision.  <u>Id.</u>; D.C. CODE ANN. § 2-1402.02

("[i]t shall be unlawful discriminatory practice for any person to aid, abet, invite, compel, or

coerce the doing of any of the acts forbidden under the provisions of this chapter or to attempt to

do so.").  The Court of Appeals therefore concluded that DCHRA on which it relied has no

analogue in Title VII.  <u>Id.</u>   The plaintiffs, consequently, argue this Court must follow the

holding of <u>Wallace II</u> and thus conclude that individual defendants can be held liable under the

DCHRA.  <u>See</u> <u>Hunter</u>, 3 F. Supp. 2d at 15 (noting federal courts in the District of Columbia are

to apply District of Columbia law as interpreted by the District of Columbia Court of Appeals).

       The Court declines to follow the plaintiff's rationale.  <u>Wallace II</u> dealt with a claim

against individual partners in a law firm.  The Court of Appeals only concluded individual

partners in a law firm could be held liable.  Its analysis of the DCHRA was restricted to the

individual liability of law firm partners.  Specifically, the Court of Appeals found:

> Where, as here, the employer is a law partnership, the phrase "any person acting in the interest of such employer, directly or indirectly," necessarily includes a partner.  Indeed, if the quoted language italicized in Section 1-2502(10) does not extend to a partner in a law firm, it is difficult to conceive of any person to whom it would apply.

Wallace II, 715 A.2d at 888.

Moreover, the Court of Appeals found the presence in the DCHRA of the proscription against

aiding and abetting refuted the partner-defendants' contention that the Act imposes liability only

on the employing entity.  Id.  The Court of Appeals' conclusion that the DCHRA's provision

defining "employer" as "any person acting in the interest of such employer, directly or

indirectly", D.C. CODE ANN. § 1401.02, and the DCHRA's aiding and abetting provision led the

Court to conclude "that the partner defendants are amenable to suit thus finds no analogue in the

federal statute."  Wallace II, 715 A.2d at 889.

The Court declines to extend the holding in Wallace II beyond its initial application.  No

published opinion, to this Court's knowledge, has applied the Wallace II holding to a civil action

dealing with defendants other than law partners.  Courts in this circuit have continued to apply

Title VII analysis to claims brought under the DCHRA since Wallace II.  Sparrow, 216 F.3d at

1114; Carpenter, 165 F.3d at 72; Hunter, 3 F. Supp. 2d at 14.  Therefore, the Court has continued

to hold that no individual liability exists under the DCHRA since Wallace II.  Macintosh v.

Building Owners and Managers Ass'n Int'l, 310 F. Supp. 2d 240, 244 (D.D.C. 2004) (concluding

that "[f]or violations of the DCHRA that take their shape from Title VII, supervisors and

managers cannot be held liable in their individual capacities.").  Since Wallace II, the District of

Columbia Court of Appeals also continues to conclude that the legal standard for discrimination under the DCHRA is substantively similar as to that under Title VII.  <u>Knight v. Georgetown Univ.</u>, 725 A.2d 472, 478 n.5 (D.C. 1999); <u>Daka v. Breiner</u>, 711 A.2d 86, 94 (D.C. 1998); <u>see also</u> <u>Dickerson v. SecTek, Inc.</u>, 238 F. Supp. 2d 66, 73 (D.D.C. 2002).  The Court will continue to follow the law of the circuit and declines to extend the holding in <u>Wallace II</u> to an area which it has not been so extended.  The plaintiff's claims against the individual defendants will therefore be dismissed.

### III. CONCLUSION

For the foregoing reasons, the defendants' partial motion to dismiss will be **GRANTED**. A separate order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, January 21, 2005.