UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDY L. LANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-746 (RCL) |
| ) | |
| UNITED MINE WORKERS OF ) | |
| AMERICA 1974 PENSION TRUST, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

This matter comes before the Court on plaintiff's motion [9] for reconsideration of the Court's January 21, 2005 order that granted defendants' partial motion to dismiss. Plaintiff asks the Court to reconsider the part of the decision that held that individual defendants cannot be liable under the District of Columbia Human Rights Act (DCHRA). Upon consideration of the plaintiff's motion, the opposition thereto, the reply brief, the applicable law, and the record in this case, the Court will grant the plaintiff's motion for reconsideration.

## BACKGROUND

**A.     Factual Background**

The factual background of this case is laid out in detail in the Court's Memorandum Opinion [7] issued January 21, 2005. The Court need not repeat it here. To place the motion for reconsideration in appropriate context, however, a brief review of the case is in order.

Plaintiff filed this action against defendants on March 26, 2004 in the SuperiorCourt of

the District of Columbia.  Plaintiff, an employee of defendants, seeks damages for alleged acts of: sex discrimination, retaliation, breach of contract, breach of implied covenant of good faith and fair dealing, infliction of emotional distress, and fraud.  All of plaintiff's claims are linked to her general accusation that she deserved a promotion to a higher position, but was denied said promotion because of her sex.  On May 6, 2004, defendants removed this action to this Court on the basis of diversity jurisdiction.

Defendants subsequently moved to dismiss many of plaintiff's claims.  Specifically, defendants moved to dismiss: (1) plaintiff's breach of contract action on the argument that there was no contract because the plaintiff was employed at-will; (2) plaintiff's action for the breach of the implied covenant of good faith and fair dealing, also because plaintiff was employed at-will; (3) plaintiff's action for infliction of emotional distress, arguing that (a) plaintiff suffered no direct physical injury, (b) plaintiff was not present in the zone of physical danger, and (c) plaintiff did not allege the requisite extreme or outrageous conduct; (4) plaintiff's action for fraud, deceit, and misrepresentation because plaintiff failed to allege the cause of action with the requisite particularity and because the alleged misrepresentations concerned future events, and (5) plaintiff's claims of sex discrimination and retaliation as against individual defendants, Holland, Hudson, Hyler, Schaab, Brennan, Slavin and Stover.

**B.     Prior Decision**

The Court granted defendants' partial motion to dismiss, concluding that individual defendants could not be held liable under the DCHRA.  See Lance v. United Mine Workers of America 1974 Pension Trust, et al., 335 F. Supp. 2d 358, 365 (D.D.C. 2005).  However, the Court's decision was grounded on an incomplete review of the applicable law.  In the Court's

January 21, 2005 Memorandum Opinion, this Court relied on MacIntosh v. Building Owners & Managers Ass'n Int'l, 310 F. Supp. 2d 240, 244 (D.D.C. 2004) ("MacIntosh I"). The parties' initial pleadings on this motion did not bring to the Court's attention the amended decision in MacIntosh v. Building Owners & Managers Association International, et al., 355 F. Supp. 2d 223 (D.D.C. 2005) ("MacIntosh II"), which concluded that supervisors may be held individually liable under the DCHRA, D.C. Code §§ 2-1401.01, et seq. Having reviewed plaintiff's motion for reconsideration, Metropolitan Washington Employment Lawyers Association's brief filed as *amicus curaie*, and Judge Sullivan's amended opinion in MacIntosh II, the Court grants plaintiff's motion for reconsideration.

## ANALYSIS

**A.     Legal Standard**

Plaintiff filed a motion for reconsideration on January 30, 2005. The Federal Rules of Civil Procedure have no rule specifically addressing requests that a Court reconsider a decision previously entered. Piper v. DOJ, 312 F. Supp. 2d 17, 20 (D.D.C. 2004) (citing Rann v. Chao, 209 F. Supp. 2d 75, 77 (D.D.C. 2002) ("[T]he Federal Rules of Civil Procedure do not contain anything known as a 'Motion for Reconsideration[.]'"). The D.C. Circuit has observed that motions to reconsider are routinely construed as motions to clarify or alter or amend judgment under Rule 59(e). See Piper, 312 F. Supp. 2d at 20 (citing Emory v. Sec'y of the Navy, 819 F.2d 291, 293 (D.C. Cir. 1987)). The Court will therefore treat plaintiff's motion for reconsideration as a request to alter a previous judgment cognizable under Rule 59(e).

A district court has considerable discretion in ruling on a Rule 59(e) motion. Piper, 312 F. Supp. 2d at 20 (citing Rann, 209 F.Supp. 2d at 78). The Court properly invokes its discretion

to grant a Rule 59(e) motion if it finds there is: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. Piper, 312 F. Supp. 2d at 21 (citing Anyanwutaku v. Moore, 151 F.3d 1053, 1057–58 (D.C. Cir. 1998)).

**B.   Discussion**

The question of individual liability under DCHRA has been considered by the District of Columbia Court of Appeals. Wallace v. Skadden, Arps, Slate, Meagher & Flom, 715 A.2d 873, 887–88 (D.C. 1998).[1] However, at the earlier decision this Court was not made aware of MacIntosh II. On January 11, 2005, in MacIntosh II, Judge Sullivan issued an amended opinion and order in response to plaintiff's motion to reconsider the issue of individual liability under the DCHRA. This amended opinion supports plaintiff's assertion in her opposition brief that MacIntosh I had been wrongly decided on the issue of individual liability under DCHRA. In MacIntosh II, Judge Sullivan stated:

> In the Memorandum Opinion accompanying that Order, published at 310 F. Supp. 2d 240 [MacIntosh I], the Court misstated the current state of the law regarding individual liability under the D.C. Human Rights Act [and dismissed the plaintiff's claims against the defendants in their individual capacity]. Having since received a Motion to Reconsider from the plaintiff and the benefit of an *amicus curaie* brief filed by the Metropolitan Washington Employment Lawyers Association, the Court finds that certain changes to the discussion of that issue in the March 30, 2004 Opinion are in order.

MacIntosh II, 355 F. Supp. 2d at 244.

---

[1] This Court is bound to follow the decisions of the District of Columbia Court of Appeals interpreting District of Columbia law. See Steorts v. American Airlines, Inc., 647 F.2d 194, 196–97 (D.C. Cir. 1981); United States v. Gower, 503 F.2d 189, 191 (D.C. Cir. 1974). See also Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-79 (1938) (federal courts must apply state law in diversity actions).

Judge Sullivan then concluded that the DCHRA indeed provides for recovery from individual supervisors, such as the executive director and vice president of a corporate entity who were named individually in MacIntosh I and MacIntosh II.  The result in MacIntosh II is also in keeping with this Court's earlier decision in Russ v. Van Scoyoc Assocs., 59 F. Supp. 2d 20 (D.D.C. 1999), in which this court held that under the DCHRA a supervisor could be sued in his individual capacity.

The Court previously noted that "[n]o published opinion, to this Court's knowledge, has applied the Wallace II holding to a civil action dealing with defendants other than law partners," Lance, 335 F. Supp. 2d at 365, relying on MacIntosh I for the proposition that no individual liability exists under the DCHRA.  See id. at 365.  But in MacIntosh II, Judge Sullivan concluded that contrary to this Court's analysis of Wallace II, an "employer" is defined as

> any person who, for compensation, employs an individual, except for the employee' parent, spouse, children or domestic servants, engaged in work in and about the employer's household; *any person acting in the interest of such employer, directly or indirectly*; and any professional association.

Wallace II, at 887-88 (citing D.C. Code § 1-2502 (10) (1992) [now codified at D.C. Code §§ 2-1401.02 (10) (2001)]).  In so doing, Judge Sullivan extended the Wallace II holding beyond partners at a law firm.  See MacIntosh II, 355 F. Supp. 2d at 244.  MacIntosh II constitutes the most current and correct interpretation of the governing law as set forth by the District of Columbia Court of Appeals, and allows a plaintiff to maintain suit against individual supervisors in a DCHRA action.[2]  Thus, the Court will reconsider, and revise accordingly, its prior decision

---

[2] Judge Sullivan, having served as a Judge on the District of Columbia Court of Appeals for years prior to his appointment to this Court, is uniquely qualified to state how the D.C. Court of Appeals will interpret the D.C. Human Rights Act.

in this case dismissing the plaintiff's claims against the individual defendants.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for reconsideration will be granted.

A separate order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, October 26, 2005.